Maerov v Long Is. Airline, LLC (2022 NY Slip Op 02227)

Maerov v Long Is. Airline, LLC

2022 NY Slip Op 02227

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 153044/20 Appeal No. 15650 Case No. 2021-03520 

[*1]Lance Maerov et al., Plaintiffs-Appellants,
v
Long Island Airline, LLC et al., Defendants-Respondents.

Katzman, Lampert & Stoll, Wayne, PA (Bradley J. Stoll of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for appellants.
KMA Zuckert LLC, New York (David Y. Loh of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about August 20, 2021, which denied plaintiffs' motion to apply maritime law to the action, unanimously affirmed, without costs.
Here, a private aircraft owned and operated by defendant, crashed into the Atlantic Ocean while in flight from Rhode Island to East Hampton, Long Island. A party seeking to apply maritime law in a state tort action must show that the tort occurred on navigable water or that injury suffered on land was caused by a vessel on navigable water, and that the general character of the activity giving rise to the incident shows a "substantial relationship to traditional maritime activity" (see Jerome B. Grubart v Great Lakes Dredge & Dock Co. , 513 US 527, 534 [1995]; Executive Jet Aviation v City of Cleveland , 409 US 249, 256 [1972]).
The motion court properly denied the motion seeking the application of maritime law based on plaintiffs' failure to show that the particular travel here has the requisite nexus to a maritime activity. Unlike in the case of transoceanic travel or direct travel to an unbridged island that before aviation could only have been conducted by water vessel, plaintiffs did not establish that the relevant air travel bore a significant relationship to traditional maritime activity, as a flight between Newport, Rhode Island and East Hampton, New York is not one that performs a "function traditionally performed by waterborne vessels" (see e.g. Offshore Logistics, Inc. v Tallentire , 477 US 207, 219 [1986]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022